OPINION OF THE COURT
Bruce Allen, J.
Following a bench trial which commenced on October 17, 1986, the defendant, Ivan Samuel, was convicted of section 600 (2) (a) of the Vehicle and Traffic Law.
*61 Section 600 (2) (a) provides, in pertinent part, that any driver "who, knowing or having cause to know that personal injury has been caused [by him] to another person” must stop his car and display his driver’s license as well as his insurance identification card to the injured person and to the authorities. The issue in this case may be stated as follows: can a driver "cause” an injury under this section even though there is no impact between his car and the injured person.
The evidence adduced at the trial was straightforward. On the morning of December 22, 1985, Hester Goings, a middle-aged resident of Brooklyn, left her home and began walking to work. At approximately 7:40 a.m. she came to the intersection of Rutland Road and Schenectady Street. It was a clear day; traffic at that hour was not heavy.
When the "walk” light appeared, Ms. Goings started across Rutland Road. Just as she reached the middle of the street, a car, driven by the defendant, made a left-hand turn into Rutland, narrowly missing Ms. Goings.* Startled by the car, Ms. Goings attempted to move backward. As she did so, she lost her footing and fell to the ground.
The defendant stopped his car a short distance past Ms. Goings, but he did not identify himself or await the arrival of the authorities. Rather, he drove away, leaving Ms. Goings in the street to fend for herself. Harvey Berris, who saw Ms. Goings on the ground and the defendant’s stopped car, followed the defendant. Within a few minutes, Berris spotted a police officer. Berris told the officer what had happened and the officer subsequently took the defendant into custody.
Meanwhile, Ms. Goings had managed to crawl to the side of the street. An ambulance eventually arrived and transported her to a hospital. The medical treatment revealed that she had a broken ankle.
Not surprisingly, the Vehicle and Traffic Law, like the Penal Law and the CPL, does not offer a definition of "cause”. In another context, the courts have held repeatedly that a defendant causes the death of another person if his actions *62 "forged a link in the chain of causes” precipitating the death. (People v Stewart, 40 NY2d 692, 697 [1976].) And once the necessary causative link is established, the defendant’s acts need not be the sole cause of death. (See, Matter of Anthony M., 63 NY2d 270, 280 [1984].)
Against this backdrop, I find that the defendant caused Ms. Goings’ injury within the meaning of section 600. By driving so close to her that she had to jump backwards to avoid being hit, the defendant set the chain of events in motion. Absent the defendant’s errant driving, Ms. Goings would not have fallen to the ground and broken her ankle.
As indicated, once a driver knows that he has caused an injury to another person, he is required, pursuant to section 600, to stop and identify himself. Only those drivers who fail to stop run afoul of this section. When, as here, a driver barely misses a pedestrian and the pedestrian lies sprawled upon the ground, there can be no doubt that the driver knew that he had caused the injury, thereby triggering his duty to stop. In fact, the defendant himself acknowledged as much by testifying at the trial that he had stopped and spoken to Ms. Goings before deciding to drive away.
I do not mean to suggest that a driver who cuts off a pedestrian automatically will violate section 600 if he does not stop and identify himself. Obviously, there may be situations in which no injury occurs or in which the driver does not have "cause to know” that he actually caused an injury. On the other hand, stopping should be the rule, not the exception, whenever a near miss situation has taken place. A driver does not need to feel the crunch of a foreign object against his car to figure out that he may have caused an injury. In most instances common sense, if not common courtesy, will dictate the appropriate response.
People v Slocum (126 Misc 2d 364 [Franklin County Ct 1984]), cited by the defendant, does not call for a different result. In that case the court held that a driver had not "caused” an accident when his passenger voluntarily jumped out of the moving car. The holding here, however, is that the defendant caused Ms. Goings’ injury. It is without significance, therefore, that there was no impact between the car and the driver in each case.
*63 The defendant has also moved, pursuant to CPL 330.30 (1), to set aside the verdict on the ground that the evidence was not legally sufficient. A Trial Judge, after a nonjury trial, has no authority to reassess the facts and change his verdict of guilty to not guilty. (People v Carter, 63 NY2d 530, 536 [1984].) Accordingly, the defendant’s motion to set aside the verdict is denied.

 Ms. Goings testified that the car struck her in the hip. Because her subsequent treatment at the hospital was limited to an ankle injury, I have discounted her testimony as to this one detail, finding instead that the car came very close but did not make contact. It follows, therefore, that I do not credit the defendant’s claim that his car was 3 to 4 feet away from Ms. Goings. In fact, in virtually all respects I find Ms. Goings’ version of the incident to be credible.